## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-47-TLS |
| | ) | |
| LANCIA HOMES, INC. d/b/a Lancia | ) | |
| Construction, Springmill Development, | ) | |
| Lacnai Real Estate, Lancia Homes, | ) | |
| Springmill Wood Development, and | ) | |
| Waterford Enterprises, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on cross-motions by both Plaintiff Design Basics, LLC, and Defendant Lancia Homes, Inc. The Defendant filed a Motion for Partial Summary Judgment [ECF No. 19] on September 16, 2016, arguing that the statute of limitations provision in the Copyright Act bars the Plaintiff's claims based on infringing acts that occurred prior to February 3, 2013. The Plaintiff filed a Cross-Motion for Partial Summary Judgment [ECF No. 33] on October 28, 2016, arguing that the Defendant's affirmative defense fails and that it was entitled to judgment as a matter of law on its infringement claims. This matter is fully briefed and ripe for review.

## BACKGROUND

The following facts are not disputed. The Plaintiff is a Nebraska company that "creates, markets, publishes and licenses the use of architectural works and technical drawings." (Foresman Decl. ¶¶ 2–4, ECF No. 34-1.) The Defendant is a Fort Wayne company that builds homes. (Lancia Aff. ¶ 4, ECF No. 21-1.) Between May and July 2013, one of the Plaintiff's

employees "conducted research about [its] customers and potential customers in Indiana" by visiting their websites to obtain basic contact information. (Foresman Decl. ¶¶ 5, 9–10.) On July 14, 2013, that employee visited the Defendant's website "and discovered several infringing homes being advertised." (*Id.* ¶ 12.) Using "an internet search engine that archives websites over time," the Plaintiff discovered that the Defendant had actually been advertising infringing versions of the Plaintiff's homes since May 18, 2006. (*Id.* ¶ 17.)[1]

On February 3, 2016, the Plaintiff filed its Complaint [ECF No. 1] against the Defendant alleging copyright infringement. The Defendant filed its Answer [ECF No. 10], which was amended on April 29, 2016 [ECF No. 11]. On September 16, 2016, the Defendant moved for Partial Summary Judgment. The Plaintiff filed its Response to the Plaintiff's Motion [ECF No. 32] on October 28, 2016, and the Defendant's Reply [ECF No. 41] was entered on November 9, 2016. Also on October 28, 2016, the Plaintiff moved for partial summary judgment. The Defendant's Response to the Plaintiff's Motion [ECF No. 43] was entered on November 21, 2016, and the Plaintiff's Reply [ECF No. 51] was filed on December 15, 2016.

## STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in that party's favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents

---

[1] The parties dispute whether the Plaintiff reasonably should have discovered the Defendant's allegedly infringing acts sooner, which is discussed below.

admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*,

652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d

504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852,

859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift

through the evidence, pondering the nuances and inconsistencies, and decide whom to believe.

[A] court has one task and one task only: to decide, based on the evidence of record, whether

there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24

F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the

applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention

that an issue of material fact exists is insufficient to create a factual dispute, a court must

construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences

in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and

avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v.*

*Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). With cross motions, a court must "construe all

inferences in favor of the party against whom the motion under consideration is made." *Allen v.*

*City of Chi.*, 351 F.3d 306, 311 (7th Cir. 2003) (quoting *Hendricks-Robinson v. Excel Corp.*, 154

F.3d 685, 692 (7th Cir. 1998)).

## DISCUSSION

This Court has original jurisdiction over copyright claims pursuant to 28 U.S.C.

§ 1338(a). The Copyright Act states that "[n]o civil action shall be maintained under [its]

provisions . . . unless it is commenced within three years after the claim *accrued*." 17 U.S.C. §

507(b) (emphasis added). The Defendant argues that the recent Supreme Court decision in

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), determined that a copyright

claim "accrue[s]" at the time of the infringing act. The Plaintiff argues that *Petrella* did not

change the Seventh Circuit "discovery rule" that a claim "accrue[s]" when the injured party

discovers or should have discovered with due diligence that an infringing act occurred. The

Court must decide which party's interpretation of the law is correct.

 *Petrella* concerned the classic film *Raging Bull*, the copyright to which the plaintiff

possessed and which she claimed MGM infringed by marketing and distributing it for roughly

three decades. 134 S. Ct. at 1970–71. The question before the Supreme Court was the

"application of the equitable defense of laches to copyright infringement claims brought within

the three-year look-back period." *Id.* at 1972. In discussing the Copyright statute as a whole, the

Supreme Court stated that in an infringement suit "the limitations period generally begins to run

at the point when 'the plaintiff can file suit and obtain relief.'" *Id.* at 1969. "A copyright claim

thus arises or 'accrue[s]' when an infringing act occurs." *Id.* In a footnote, the Supreme Court

noted that "nine Court of Appeals have adopted, as an alternative to the incident of injury rule, a

'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due

diligence should have discovered, the injury that forms the basis for the claim," and that it would

"not pass[] on the question" of which one was correct. *Id.* at 1969 n.4.

 The Seventh Circuit is one of those courts of appeals that follows the "discovery rule."

*Gaiman v. McFarlane,* 360 F.3d 644, 653 (7th Cir. 2004). Two Seventh Circuit opinions since

*Petrella* confirm that the decision did not abrogate the discovery rule within this Circuit. Like

*Petrella*, *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014),

involved a defendant's infringing acts that occurred within the "three-year lookback period." *Id.*

at 616. To determine if the plaintiff's complaint was time barred, "the right question to ask

. . . [wa]s whether the complaint contain[ed] allegations of infringing acts that occurred within

the three-year lookback period from the date on which the suit was filed." *Id.* However, the court "express[ed] no opinion" as to whether "*Petrella* abrogate[d] the discovery rule in copyright cases," *id.* at 618, and thus it was not central to its holding.[2] In *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (7th Cir. 2016), the Seventh Circuit considered a "dispute over copyright *ownership*." *Id.* at 995. The Seventh Circuit stated that "when the gravamen of a copyright suit is a contest over copyright ownership, the claim accrues when the claimant has express notice of a competing claim of ownership." *Id.* at 996. This rule for a copyright ownership claim was distinguished from an infringement claim, the latter of which accrued "at the time the wrong occur[ed]." *Id.* (citing *Petrella*, 134 S. Ct. at 1969). The Court did not discuss *Petrella* further or its impact upon the discovery rule.

Although the discovery rule may be abrogated within this Circuit someday, this Court is "bound to follow Seventh Circuit precedent." *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 887 n.3 (N.D. Ill. 2014) (holding same). As that precedent stands today, the discovery rule controls the determination of when a copyright infringement claim accrues. Accordingly, the Plaintiff's claims regarding infringing acts that occurred more than three-years before this action commenced are not barred as a matter of law. The Defendant's Motion for Partial Summary Judgment is denied.

The Plaintiff's Cross-Motion for Partial Summary Judgment seeks to go one step further by arguing that it is entitled to judgment as a matter of law on the issue of when the Plaintiff

---

[2] In remanding the case, the Seventh Circuit allowed for the possibility that the plaintiff could seek "a right to recover for infringing acts that occurred . . . outside the three-year lookback period," which was not an issue properly before the court. *Id.* Assuming *Petrella* abrogated the discovery rule, such a suggestion would have been impossible because any infringing act that occurred greater than three-years prior would necessarily have fallen outside the three-year lookback period and thus been time barred. The Seventh Circuit's suggestion makes more sense if the discovery rule remained unchanged after *Petrella*, as the plaintiff could seek recovery for infringing acts that occurred outside the three-year lookback period so long as the plaintiff did not have actual or constructive knowledge.

"discovered [the Defendant's] infringement of [the Plaintiff's] copyrights." (Reply 1, ECF No. 50.) The Plaintiff's evidence purportedly shows that it had actual knowledge that the Defendant had infringed its copyrights on July 14, 2013, and that it reasonably should not have known of any infringing acts at an earlier date. (Foresman Decl. ¶¶ 12–14, 17–18.) However, the Defendant put forth evidence that the Plaintiff has frequently sued for copyright infringement of its designs in this District since 2006, after it was notified that there are companies in the District that use its designs. (*See* Granite Ridge Compl. Exs. 2–3, ECF No. 43-1). In one such litigation in a sister circuit, the Plaintiff's representatives "testified that they routinely performed research on potential infringements as far back as 2006." (*See Marhofer* R & R 10, ECF No. 43-2.)[3] The Defendant states that this presents a question of fact as to whether the Plaintiff reasonably should have known about any infringing acts more than three years before it filed this lawsuit.

Questions of reasonableness are subjective questions of fact for determination by the jury. *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 725 (7th Cir. 2003); *see also Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38 (1st Cir. 2008) ("It stands to reason that determining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise."). Viewing all the evidence in a light favorable to the nonmovant, a jury could find that the Plaintiff reasonably should have known of the Defendant's infringing acts before February 2, 2013. Accordingly, the Plaintiff's Cross-Motion for Partial Summary Judgment is denied.[4]

---

[3] Plaintiff objects that evidence from *Marhofer* would not be admissible at trial and thus cannot be considered on this Motion for Summary Judgment. *See* Fed R. Civ. P. 56(c)(2). However, Attorney Bruno's Affidavit states that discovery will "uncover infringement research by Plaintiff conducted over the course of at least the past ten years" that is similar to *Marhofer*, and thus would be admissible. (Bruno Aff. ¶ 8, ECF No. 43-4.) Because the Defendant explained the admissible form of this evidence that it anticipates, *see* Rule 56(c) advisory comm.'s note (2010), the Court may consider it.

[4] The Court's determination renders moot the Defendant's alternative request that it be granted more time to conduct discovery. (Def.'s Resp. 11–12, ECF No. 43.)

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment [ECF No. 19] is DENIED and the Plaintiff's Cross-Motion for Partial Summary Judgment [ECF No. 33] is DENIED.

SO ORDERED on January 19, 2017.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT