UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-47-TLS |
| | ) | |
| LANCIA HOMES, INC. d/b/a Lancia | ) | |
| Construction, Springmill Development, | ) | |
| Lacnai Real Estate, Lancia Homes, | ) | |
| Springmill Wood Development, and | ) | |
| Waterford Enterprises, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Lancia Homes, Inc.'s Motion to Certify Issue for Interlocutory Appeal [ECF No. 55]. On January 19, 2017, the Court issued its Opinion and Order [ECF No. 52] in which it denied the Defendant's Motion for Partial Summary Judgment [ECF No. 19] and the Plaintiff's Cross-Motion for Partial Summary Judgment [ECF No. 33]. The Defendant filed this present Motion on February 10, 2017, and the Plaintiff filed its Response [ECF No. 57] on February 24, 2017. A Reply [ECF No. 59] was entered on March 3, 2017, so the Defendant's Motion is now ripe for ruling.

**BACKGROUND**

This is a case involving the copyright laws. The Plaintiff is a Nebraska company that "creates, markets, publishes and licenses the use of architectural works and technical drawings." (Foresman Decl. ¶¶ 2–4, ECF No. 34-1.) The Defendant is a Fort Wayne company that builds homes. (Lancia Aff. ¶ 4, ECF No. 21-1.) Between May and July 2013, one of the Plaintiff's employees "conducted research about [its] customers and potential customers in Indiana" by

visiting their websites to obtain basic contact information. (Foresman Decl. ¶¶ 5, 9–10.) On July 14, 2013, that employee visited the Defendant's website "and discovered several infringing homes being advertised." (*Id.* ¶ 12.) Using "an internet search engine that archives websites over time," the Plaintiff discovered that the Defendant had actually been advertising infringing versions of the Plaintiff's homes since May 18, 2006. (*Id.* ¶ 17.)

On February 3, 2016, the Plaintiff filed its Complaint [ECF No. 1] against the Defendant alleging copyright infringement. The Defendant filed its Answer [ECF No. 10], which was amended on April 29, 2016 [ECF No. 11]. On September 16, 2016, the Defendant moved for partial summary judgment. The Defendant argued that the Plaintiff's copyright claim was time barred because, under recent Supreme Court and Seventh Circuit precedent, the claim "accrued" at the time of the infringing act. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014); *Consumer Health Info. Corp. v. Amylin Pharmas., Inc.*, 819 F.3d 992 (7th Cir. 2016); *Chi. Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014). The Plaintiff argued that the "discovery rule" still governed the statute of limitations in the Seventh Circuit. After review of the Motions, this Court stated that:

> As that precedent stands today, the discovery rule controls the determination of when a copyright infringement claim accrues. Accordingly, the Plaintiff's claims regarding infringing acts that occurred more than three-years before this action commenced are not barred as a matter of law. The Defendant's Motion for Partial Summary Judgment is denied.

(Opinion & Order 5, ECF No. 52.)

## DISCUSSION

The Court may certify an order for appeal if it "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal

2

from the order may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit's stated criteria for such appeals is:

> [T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed.

*Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "We have interpreted 'question of law' to refer to a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002). The parties dispute whether the issue to be certified on appeal is "contestable" and whether it will "materially advance" the litigation.

First, the Court's Opinion & Order addressed a pure question of law. It began by summarizing *Petrella*, in which "the Supreme Court stated that in an infringement suit 'the limitations period generally begins to run at the point when 'the plaintiff can file suit and obtain relief.' . . . 'A copyright claim thus arises or accrue[s] when an infringing act occurs.'" (Opinion & Order 4 (citations omitted).) Then, the Court analyzed Seventh Circuit precedent post-*Petrella* to determine whether the accrual rule displaced the "discovery rule." In *Chicago Building Design*, the court considered a copyright infringement claim but "express[ed] no opinion" as to whether "*Petrella* abrogate[d] the discovery rule in copyright cases." 770 F.3d at 618.[1] And in

---

[1] Because it ultimately remanded the case,

> the Seventh Circuit allowed for the possibility that the plaintiff could seek "a right to recover for infringing acts that occurred . . . outside the three-year lookback period," which was not an issue properly before the court. . . . Assuming *Petrella* abrogated the discovery rule, such a suggestion would have been impossible because any infringing act that occurred greater than three-years prior would necessarily have fallen outside the three-year lookback period and thus been time barred. The Seventh Circuit's suggestion makes more sense if the discovery rule remained unchanged after *Petrella*, as the plaintiff could seek recovery for infringing acts that occurred outside the three-year lookback period so long as the plaintiff did not have actual or constructive knowledge.

*Consumer Health*, the court assessed a dispute over copyright *ownership*, distinguished the statute of limitations for those claims from infringement claims, and noted that the claims for the latter accrued "at the time the wrong occur[ed]." 819 F.3d at 995–96. However, the *Consumer Health* court had no occasion to explain how *Petrella* impacted the discovery rule for infringement claims. Accordingly, this Court found that the Supreme Court's decision had left the "discovery rule" intact within the Seventh Circuit and denied the Defendant's Motion for Partial Summary Judgment for that reason.[2] This interlocutory appeal is an "abstract legal issue" and will not require "hunting through the record . . . to see whether there may be a genuine issue of material fact lurking there," *Ahrenholz*, 219 F.3d at 677, because the Plaintiff's arguments are based solely on the Seventh Circuit's legal interpretation of the Copyright Act after *Petrella*.

Second, the issue of law here is controlling. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The question of law that the Defendant raises will affect the further course of the litigation because the Court has ruled that the Plaintiff's infringement claims arising more than three-years before this litigation are not time-barred. The question of whether or not *Petrella* abrogates the Seventh Circuit's "discovery rule" would render those infringement claims originating more than three-years before this litigation time-barred.

Third, the Court's ruling on the statute of limitations issue is contestable. That is, "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). It is true, as the Plaintiff points out, that the "overwhelming majority of the courts—including the Seventh Circuit—apply

---

(Opinion & Order 5 n.2. (citations omitted).)
 [2] The Plaintiff's Cross-Motion involved questions of fact so it too was denied. (*See* Opinion & Order 5–6.) The Plaintiff does not seek certification of an interlocutory appeal.

4

the discovery rule to claims of copyright infringement" after *Petrella*. (Resp. 4, ECF No. 57.) However, the Seventh Circuit has not had occasion to address this pure question of law head-on. As this Court explained in its summary above, the question of "whether the discovery rule has been abrogated within this Circuit after *Petrella*" was not raised on appeal in either of the two Circuit cases issued since the Supreme Court's opinion. *Consumer Health* involved copyright ownership disputes, not copyright infringement claims, and *Chicago Building Design* noted in a footnote that the statute of limitations question could be raised in a subsequent appeal after the district court considered it on remand. Although close, the Court believes that this factor favors certification.

Fourth, an immediate appeal from the Court's order on the Defendant's Motion for Partial Summary Judgment will speed up the litigation. At present, this case and "24 others [are] pending in this District" (Reply 12, ECF No. 59), with the Plaintiff alleging copyright infringement against the Defendant and other infringing parties. Pending in those cases are many analogous motions for summary judgment and dismissal, which raise this issue as to the "discovery rule" and its continuing vitality. It would be more efficient for the Court of Appeals to consider and decide what, if any, impact *Petrella* has on the statute of limitations for infringement claims within this Circuit before many of the Plaintiff's cases within this District are to proceed to trial. However, the Plaintiff argues that its case is "far more dependent on the number of [the Defendant's] *plans* at issue than the number of *homes*," (Resp. 6), and thus "the scope of the issues to be litigated is not going to change dramatically" no matter which statute of limitations rule applies. (*Id.* at 7.) But this argument misses the point—"neither the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district

court." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538 (7th Cir. 2012). Rather, deciding which statute of limitations rule applies will still limit the scope of the issues, even if some issues remain to be adjudicated after the interlocutory appeal. Indeed, as the Defendant pointed out in its Reply, the question of copyright infringement damages could be a factually intensive inquiry, should this case reach that stage. (*See* Reply 8–10.) The Court finds that, overall, an interlocutory appeal would materially advance the litigation.

Additionally, the Plaintiff argues that the following issues weigh against permitting the Defendant's interlocutory appeal: there is no evidence that the Defendant "will have to produce more documents during discovery now" than after a favorable Seventh Circuit ruling (Resp. 9); the applicable statute of limitations will not influence settlement discussions; and, an interlocutory appeal in this case "will lead to *widespread* delay, not just in this case, but in many other pending cases" (Resp. 10). The Defendant disputes these arguments and offers an estimate of the cost-savings to be had in discovery should the accrual rule be used. (Reply 11–12.) Both sides raise equally valid points, and with their arguments in equipoise neither side changes the Court's prior analysis.

Finally, the request to certify an interlocutory appeal was timely filed. Six days after the Court's Opinion and Order, the Defendant moved this Court to set a deadline for timely filing any motion to certify an interlocutory appeal order. [ECF No. 53.] In response, this Court ordered that any motion to certify interlocutory appeal be filed on or before February 16, 2017. The Defendant's Motion was filed on February 10, 2017. The Court concludes that this was a reasonable amount of time after its original Opinion and Order in which to seek an interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Certify Issue for Interlocutory Appeal [ECF No. 55] is GRANTED.

SO ORDERED on March 9, 2017.

                                      s/ Theresa L. Springmann
                                      CHIEF JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT